IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY BARHAM, SR., | * | |
| Petitioner, | * | |
| v. | * | Crim. Action No.: RDB- 14-0224 |
| UNITED STATES OF AMERICA, | * | Civil Action No.: RDB- 16-2476 |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On September 15, 2014, Petitioner Barham ("Petitioner" or "Barham") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 100 grams or more of Heroin, in violation of 21 U.S.C § 846. (ECF No. 88.) During Petitioner's sentencing hearing, this Court determined that Petitioner was a career offender under U.S.S.G § 4B1.1 and he was sentenced to a term of one hundred and thirty two (132) months imprisonment, pursuant to a Rule 11(c)(1)(C) plea agreement. Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 pursuant to the United States Supreme Court's opinion in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (ECF No. 194). For the following reasons, Petitioner's Motion to Vacate (ECF No. 194) is DENIED.[1]

---

[1] Also currently pending is Petitioner's Motion to Hold this Court's ruling in abeyance (ECF No. 198) until the United States Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). Because the Supreme Court has now ruled in *Beckles*, this Motion (ECF No. 198) is MOOT.

1

**BACKGROUND**

On September 15, 2014, Petitioner Barham ("Petitioner" or "Barham") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 100 grams or more of Heroin, in violation of 21 U.S.C § 846. (ECF No. 88.) During Petitioner's sentencing hearing on November 17, 2014, this Court determined that Petitioner was a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1 and he was sentenced to a term of one hundred and thirty two (132) months imprisonment, pursuant to a Rule 11(c)(1)(C) plea agreement. (ECF Nos. 126, 127.) Less than a year after Petitioner was sentenced, the United States Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Subsequently, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 194.) In 2017, however, the Supreme Court held in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017) that the advisory guidelines are not subject to *Johnson* challenges.

**ANALYSIS**

Petitioner's only claim in his Motion to Vacate is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, he asserts that this Court would have to determine whether Petitioner's prior controlled substance convictions qualify as crimes of violence under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a). In light of *Beckles v. United States*, __

U.S. __, 137 S. Ct. 886 (2017), however, this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's Motion to Vacate (ECF No. 194) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner's Motion to Vacate (ECF No. 194) is DENIED. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant, which is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Barham's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:     October 5th, 2018          ___/s/_____
                                      Richard D. Bennett
                                      United States District Judge